IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joyce M. Allen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:18-cv-00791-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Michelin North American, Inc. | ) | |
| and Beacon Health Options, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed a pro se Complaint on March 22, 2018, alleging violations of Title VII of the Civil Rights Act of 1964, of the Age Discrimination in Employment Act ("ADEA"), and of the Americans with Disabilities Act ("ADA"). (ECF No. 1, 1-2). Defendant Michelin North American, Inc.[1] filed a Motion to Dismiss on May 8, 2018. (ECF No. 17). Plaintiff obtained counsel and responded to the Motion to Dismiss. (ECF No. 27). Defendant Michelin North American, Inc. replied. (ECF No. 29). In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Motion to Dismiss be granted in part and that Plaintiff's claims alleging failure to accommodate and hostile work environment in violation of the ADA and all claims alleged under Title VII and the ADEA be dismissed *without prejudice* for lack of subject matter jurisdiction. (ECF No. 30). Furthermore, the magistrate judge noted in his Report that the parties agreed to the dismissal of any state law claim for intentional infliction of emotional distress. (ECF No. 30 at 6). Plaintiff, who is represented by counsel, did not file any objections to the Report, and the time to do so has now run.

---

[1] This defendant was previously improperly named as "Michelin North American, Inc. USA" and "Michelin North American, Inc. US2."

1

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the magistrate judge's Report (ECF No. 30), which is incorporated herein by reference. Accordingly, Defendant Michelin North American Inc.'s Motion to Dismiss (ECF No. 17) is **GRANTED in part**, and Plaintiff's claims alleging failure to accommodate and hostile work environment in violation of the ADA and all claims under Title VII and the ADEA are **DISMISSED** *without prejudice* for lack of subject matter jurisdiction. Additionally, because the parties agree to the dismissal of any state law claim for intentional infliction of emotional distress, such claims are now **DISMISSED**. As such, the only remaining claims in this case are those for violation of the ADA based on disability discrimination as to Michelin's alleged failure to allow Plaintiff to return to work and as to the paperwork that Michelin allegedly submitted to the Social Security Administration.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 11, 2018