IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Joyce M. Allen, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:18-cv-791-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Michelin North America Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Joyce M. Allen ("Plaintiff") brings this action against her former employer, Defendant Michelin North America, Inc. ("Michelin"), alleging that Michelin retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] discriminated against her in violation of the Americans with Disabilities Act ("ADA"),[2] and unlawfully terminated her in retaliation for filing workers' compensation proceedings in violation of S.C. Code Ann. § 41-1-80. (ECF No. 45). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. On July 6, 2020, Michelin filed a motion for summary judgment. (ECF No. 79). Plaintiff filed her response in opposition to Michelin's motion on September 18, 2020, (ECF No. 85), and Michelin replied (ECF No. 88). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Michelin's motion for summary judgment. (ECF No. 89). Plaintiff filed objections to the Report, (ECF No. 93), and Michelin timely filed a response to Plaintiff's objections (ECF No. 96). Accordingly, this matter is now ripe for review. After carefully reviewing the record and the submissions of the parties, the court concludes a

---

[1] 42 U.S.C. § 1981.
[2] 42 U.S.C. §§ 12101–12213.

1

hearing is unnecessary to decide this matter. For the reasons set forth below, the court grants summary judgment in favor of Michelin.

## BACKGROUND

Upon review of the parties' briefing, the record, and the magistrate judge's Report, the court adopts the procedural history, factual background, and evidence as thoroughly set forth in the Report. *See* (ECF No. 89 at 1–14). The magistrate judge first addressed Plaintiff's claim that Michelin retaliated against her in violation of Title VII because of her complaints about sexual harassment and bullying. *See id*. at 15–24. The magistrate judge properly applied the three-step, burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), which requires that "[t]o establish a *prima facie* case of retaliation, the plaintiff must show (i) that she engaged in protect activity, (ii) that her employer took adverse action against her, and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Id*. (quoting *Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 217 (4th Cir. 2016)) (internal quotation marks and alterations omitted). As the magistrate judge noted, if the plaintiff establishes a *prima facie* case of retaliation, the burden shifts to the employer to articulate a legitimate, nonretaliatory reason for the adverse employment action and, if the employer meets this burden, the plaintiff must then prove by a preponderance of the evidence that the employer's state reason was merely a pretext for retaliation. *See id*. (citing *Haynes v. Waste Connections, Inc*., 922 F.3d 219, 223 (4th Cir. 2019)). Applying this framework, the magistrate judge concluded that Michelin is entitled to summary judgment based on his finding that Plaintiff failed to establish even a *prima facie* case for retaliation, because "[t]he three-year gap between the plaintiff's last complaints [of sexual harassment] and her termination from employment is insufficient to establish a causal connection." *Id*. at 17.

The magistrate judge also considered Plaintiff's claim assuming she could establish a *prima facie* case for retaliation. *See id*. at 19–24. The magistrate judge found that Michelin had "submitted evidence showing that the plaintiff was terminated from employment in accordance with its guideline because she exhausted twelve months of continuous leave with no ability to return to work in the foreseeable future," and, under *McDonnell Douglas*, the burden shifted back to Plaintiff to prove that this reason was merely pretext for Michelin's alleged retaliation. *Id*. at 19. Relying on the Fourth Circuit's opinion in *Foster v. University of Maryland – Eastern Shore*, 787 F.3d 243, 246, 252 (4th Cir. 2015), the magistrate judge found that Plaintiff has failed to provide evidence to suggest that her complaints of sexual harassment in early 2015 were in any way related to, let alone a but-for cause of, her termination or other alleged instances of retaliation by Michelin such that Michelin's stated legitimate reason for the adverse actions was merely pretextual. (ECF No. 89 at 20–24). Accordingly, the magistrate judge recommends the court grant summary judgment for Michelin as to Plaintiff's Title VII retaliation claim. *Id*. at 24.

The magistrate judge also found Michelin was entitled to summary judgment as to Plaintiff's claim for discrimination under the ADA. *Id*. at 24–30. Specifically, the magistrate judge found that, based on her prior testimony in her workers' compensation case and her applications for long-term disability benefits and social security benefits, Plaintiff should be judicially estopped from asserting that she is able to work and, therefore, meets the definition of a "qualified individual" under the ADA. *Id*. at 24, 26–29. Further, assuming that Plaintiff is not judicially estopped from proceeding on her ADA discrimination claim and that she could establish a *prima facie* case of discriminatory discharge, the magistrate judge found that Michelin satisfied its burden of identifying a legitimate, non-discriminatory reason for Plaintiff's termination and that, for the reasons he discussed as to her Title VII retaliation claim, Plaintiff had failed to present

any evidence from which a jury could conclude that Michelin's stated reason was mere pretext. *Id*. at 29–30. Therefore, the magistrate judge also recommended the court grant summary judgment as to Plaintiff's claim for ADA discrimination. *Id*. at 30.

Finally, with respect to Plaintiff's claim for retaliation in violation of South Carolina workers' compensation law, the magistrate judge found that the proximity in time amongst Plaintiff's September 2017 workers' compensation claim, Michelin's agreement to pay temporary total disability on the claim in November 2017, and Plaintiff's termination in January 2018 was sufficient to establish a prima facie case. *See id*. at 31. However, because Michelin "articulated a legitimate, nonretaliatory reason for the termination of the plaintiff's employment, the proximity in time is insufficient to carry her burden of proving a causal connection." *Id*. (citing *Hinton v. Designer Ensembles, Inc*., 343 S.C. 236, 243, 540 S.E.2d 94, 97 (2000)). Thus, the magistrate judge concluded that Plaintiff failed to produce evidence that her termination was caused by Michelin's retaliatory animus or that Michelin's purported rationale for her termination is unworthy of credence, and recommended the court grant summary judgment to Michelin on this claim as well. *Id*. at 31–32.

On November 19, 2020, Plaintiff filed objections to the magistrate judge's Report. (ECF No. 93). Plaintiff's first, second, fourth, and fifth objections generally object to the magistrate judge's conclusions regarding her claims against Michelin for Title VII retaliation and state law workers' compensation retaliation and the magistrate judge's conclusion that she failed to present sufficient evidence of pretext as to her ADA discrimination claim. *See id*. However, these objections fail to identify any factual errors or errors in the magistrate judge's analysis, and merely restate Plaintiff's prior arguments made in response to Michelin's motion for summary judgment. *See generally id*.

4

Plaintiff's only specific objection to the Report—her third objection—asserts that the magistrate judge erred in concluding that Plaintiff should be judicially estopped from raising her ADA discrimination claim. *See id*. at 1, 5–6. In particular, Plaintiff argues that the magistrate judge erred by relying entirely upon testimony and statements Plaintiff made "after Michelin refused to allow her to return to work beginning in February of 2017, and as her mental condition deteriorated, that she filed for [long-term disability and social security] benefits." *Id*. at 6.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word

for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Phillips v. Nlyte Software Am. Ltd.*, 615 Fed. App'x 151, 152 (4th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"'In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party.'" *Sellers v. Keller Unlimited LLC*, 388 F. Supp. 3d 646, 649 (D.S.C. 2019) (quoting *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996)). However, "'[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

judgment.  Factual disputes that are irrelevant or unnecessary will not be counted.'" *McKinney v. G4S Gov't Sols., Inc.*, 711 Fed. App'x 130, 134 (4th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The moving party has the burden of proving that summary judgment is appropriate.  *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Lane & Roderick, Inc.*, 736 Fed. App'x 400, 400 (4th Cir. 2018) (citing *Celotex Corp.*, 477 U.S. at 322–23).  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  *See* Fed. R. Civ. P. 56(c), (e); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).

## DISCUSSION

As noted above, the only specific objection to the Report Plaintiff makes asserts that the magistrate judge improperly considered statements made by Plaintiff after she was prevented from returning to work to conclude that she should be judicially estopped from asserting her ADA discrimination claim.  *See* (ECF No. 93 at 1, 5–6).  The court has conducted the requisite *de novo* review and finds as follows.

To establish a prima facie case of discriminatory discharge under the ADA, Plaintiff must show "(1) that she was an individual who had a disability within the meaning of the statute; (2) that she was a qualified individual for the job in question; and (3) that she was discharged because of her disability." *Ryan v. Columbus Reg'l Healthcare Sys., Inc.*, No. 7:10-CV-234-BR, 2012 WL 1230234, at *6 (E.D.N.C. April 12, 2012).  A "qualified individual," as defined by the ADA, is "'an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" *Shin v. Univ. of Md. Med. Sys. Corp.*, 369 Fed. App'x 472, 479 (4th Cir. 2010) (quoting 42 U.S.C.

7

§ 12111(8)). "In order to be a member of a protected class under the ADA, then, [Plaintiff] must be able to show that despite her disability, she could have, with or without reasonable accommodation, performed the essential functions of her position with [Michelin]." *Cathcart v. Flagstar Corp.*, 155 F.3d 558, 1998 WL 390834, at *8 (4th Cir. 1998).

Michelin argues, and the magistrate judge agreed, that because of her prior testimony in her workers' compensation case and her applications for long-term disability and social security benefits, Plaintiff should be judicially estopped from asserting that she is capable of performing the essential functions of her job and, consequently, that she is a qualified person entitled to protection under the ADA. *See* (ECF Nos. 79-1 at 10–13; 88 at 6–8; 89 at 24–29). Both the United States Supreme Court and the Fourth Circuit Court of Appeals have addressed the proper framework for determining whether a plaintiff should be judicially estopped from asserting a claim under the ADA based on prior testimony or statements asserting disability. *See, e.g.*, *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999); *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 177 (4th Cir. 2001); *Equal Employment Opportunity Comm. v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373 (4th Cir. 2000).

In *Cleveland*, the Supreme Court held that a plaintiff's statement of total disability in her application for Social Security disability insurance benefits "does not automatically estop" her from asserting that she is a qualified individual capable of performing her job for purposes of bringing a claim under the ADA. *See* 526 U.S. at 797; *see also Fox*, 247 F.3d at 177 (noting that "[t]he mere act of applying for disability benefits does not estop a plaintiff from making a subsequent ADA claim"). Instead, the Court held that a plaintiff shall be permitted to provide an explanation for the apparent conflict between her application for Social Security disability insurance and the allegations in support of her ADA claims. *Stowe-Pharr Mills, Inc.*, 216 F.3d at

8

375 (citing *Cleveland*, 526 U.S. at 806). Thus, under *Cleveland*, Plaintiff "is required to proffer a sufficient explanation for any apparent contradiction between the two claims" and "to avoid summary judgment, she must 'make a showing sufficient to establish' a genuine issue of material fact on the 'element essential to her case, and on which she will bear the burden of proof at trial.'" *Id.* (quoting *Cleveland*, 526 U.S. at 806). Consequently, "*Cleveland* does not mandate an analysis under the doctrine of judicial estoppel[,]" but rather requires that "[t]he standard summary judgment framework is used instead." *Id*.

The Supreme Court set forth the standard against which the plaintiff's explanation should be measured as follows:

> When faced with a plaintiff's previous sworn statement asserting "total disability" or the like, the court should require an explanation of any apparent inconsistency with the necessary elements of an ADA claim. To defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good faith belief in, the earlier statement, the plaintiff could nonetheless "perform the essential functions" of her job, with or without "reasonable accommodation."

*Cleveland*, 526 U.S. at 807. The Supreme Court in *Cleveland* was careful to note, however, that its holding was limited to legal conclusions made in differing contexts—such as "'I am disabled for purposes of the Social Security Act'" or allegations that a claimant can perform the essential functions of her job under the ADA—and does "not disturb[] the law in the various circuits dealing with 'purely factual contradictions' in summary judgment proceedings." *Stowe-Pharr Mills, Inc.*, 216 F.3d at 378 (quoting *Cleveland*, 526 U.S. at 802, 807).

A. *Plaintiff Is Judicially Estopped from Proceeding on Her ADA Discrimination Claim.*

As an initial matter, the statements on which Michelin relies to assert that Plaintiff should be estopped from proceeding on her ADA discrimination claim are not legal conclusions concerning her disability status or entitlement to benefits, but factual statements regarding her

9

ability to work which directly contradict her allegations in this case that she is a qualified individual under the ADA.  *See* (ECF Nos. 79-1 at 12 (noting that in June 2017, "during a phone interview with the SSA, Plaintiff confirmed that she has been *unable to work* because of her disabling condition *since January 20, 2017* and *remains unable to work*[,]" and in June 2018, she submitted a statement in support of her application for long-term disability benefits indicating that she was "completely and totally disabled *from performing my prior job, or any job on a full-time basis*") (emphasis added); 88 at 6–7 (noting in March 2017, during her deposition for her workers' compensation case, Plaintiff testified that, "I'm out of work because of my – my ability to not – I can't concentrate.  I can't – I'm not together," and later, in her deposition for this case, confirmed that testimony as well as her statement in support of her long-term disability application that she had been unable to perform her job at that time); 89 at 26–29 (same)).  Accordingly, the framework set forth in *Cleveland* does not apply to these "purely factual contradictions," 526 U.S. at 807, and the proper inquiry is one purely under the doctrine of judicial estoppel.

When determining whether to apply judicial estoppel to preclude a party from asserting a particular position during litigation, several elements must be met: (1) the party to be estopped must be seeking to assert a position inconsistent with a stance taken in a prior judicial or quasi-judicial proceeding; (2) the prior inconsistent position must have been accepted by the judicial or quasi-judicial body; and (3) the party to be estopped must be seeking an unfair advantage through intentional machination.  *Cathcart v. Flagstar Corp.*, 155 F.3d 558, 1998 WL 390834, at *8 (4th Cir. 1998); *Hindman v. Greenville Hosp. Sys.*, 947 F. Supp. 215, 221 (D.S.C. 1996).  The undisputed evidence in the record establishes that in her workers' compensation case, as well as in her applications for long-term disability and social security benefits, Plaintiff stated that she was unable to work beginning as early as January 20, 2017 and remains unable to work, and that such

10

statements were accepted by the Workers' Compensation Commission and the Social Security Administration. *See* (ECF Nos. 79-2 at 8–13, 15–17 79-3 at 5; 79-6 at 2; 79-7 at 2; 79-8; 79-9 at 5; 79-10; 79-11 at 11; 79-13 at 22; 79-14; 79-15 at 11; 79-16 at 11; 79-17; 79-18; 79-19 at 9, 19; 79-20; 79-21; 79-22; 79-23 at 5; 79-24; 79-25 at 2; 79-26 at 2; 85-2 at 16, 17–18; 85-3 at 37–39, 57–59; 85-4 at 3–4, 29–35). As to the third element, Plaintiff is seeking to bring a claim for ADA discrimination against Michelin, which requires that Plaintiff prove she could adequately perform her job "which is, of course, the antithesis of her former position." *Hindman*, 947 F. Supp. at 223. This court "will not allow [Plaintiff] to treat her disability as a garment that she can don and remove as the mood strikes her[,]" and "[p]ermitting [Plaintiff] to proceed with this argument is the very height of countenancing an unfair advantage through manipulation of the judicial process." *Id*. at 223–24. Therefore, the court finds that all the elements of judicial estoppel are met in this case and Plaintiff should be estopped from asserting her ADA discrimination claim.

> B. *Plaintiff Has Failed to Provide Any Explanation for Her Conflicting Testimony under* Cleveland *Such That Her ADA Discrimination Claim Cannot Survive Summary Judgment.*

To the extent Plaintiff's assertions could be construed as legal conclusions regarding her ultimate ability to work and to the extent the *Cleveland* framework would then apply, Plaintiff has nonetheless failed to proffer a sufficient explanation for her contradictory statements as required under *Cleveland* and cannot survive summary judgment on her ADA discrimination claim. In her objections, Plaintiff herself acknowledges the standard set forth in *Cleveland*, asserting that she "is not 'automatically' estopped from bringing an ADA discrimination claim if she can 'give a good explanation as to why these two disparate claims are not contradictory.'" (ECF No. 93 at 5 (quoting *Hamilton v. Dayco Prods., LLC*, C.A. No. 2:07-2782-PMD-RSC, 2009 WL 335062, at *5 (D.S.C. Feb. 10, 2009)). Despite Plaintiff's recognition of this framework, however, she fails to provide any explanation for her conflicting testimony. *See* (ECF Nos. 85 at 19–21; 93 at 5–6).

11

Instead, Plaintiff merely attempts to argue that her contradictory statements are irrelevant because they were made after Michelin prevented her from returning to work in February of 2017. *See* (ECF No. 93 at 6). This argument, however, is irrelevant to the inquiry required under *Cleveland* and fails to "'explain or even address how, in light of [her] assertions of disability, [she] was, in fact, qualified to perform the essential functions of the position.'" *Pelkey v. White Oak Mgmt., Inc.*, Civ. A. No. 0:18-00967-JMC, 2020 WL 1227158, at *5 (D.S.C. March 13, 2020) (quoting *Lane v. BFI Waste Sys. of N. Am.*, 257 F.3d 766, 770 (8th Cir. 2001)). Plaintiff cannot escape the fact that she explicitly and repeatedly stated in her workers' compensation, social security, and long-term disability benefits proceedings, as well as during her deposition in this case, that she was unable to return to work prior to her termination. *See* (ECF Nos. 79-2 at 8–13, 15–17; 79-3 at 5; 79-6 at 2; 79-7 at 2; 79-8; 79-9 at 5; 79-10; 79-11 at 11; 79-13 at 22; 79-14; 79-15 at 11; 79-16 at 11; 79-17; 79-18; 79-19 at 9, 19; 79-20; 79-21; 79-22; 79-23 at 5; 79-24; 79-25 at 2; 79-26 at 2; 85-2 at 16, 17–18; 85-3 at 37–39, 57–59; 85-4 at 3–4, 29–35). Plaintiff's uncorroborated and self-serving allegation that she was "qualified and able to perform the essential functions of her job" alone is insufficient to overcome the overwhelming evidence in the record to the contrary. *See* (ECF No. 45 at 6). Thus, Plaintiff has not made, nor can she point to, any explanation in the record that would "warrant a reasonable juror's concluding that, assuming the truth of, or [the Plaintiff's] good faith belief in, the earlier statement[s], she could nonetheless perform the essential functions of her job." *Cleveland*, 526 U.S. at 807. Accordingly, Plaintiff has failed to create a genuine issue of material fact as to whether she is a qualified individual under the ADA and Michelin is entitled to summary judgment on Plaintiff's ADA discrimination claim.

The remainder of Plaintiff's objections simply restate the arguments set forth in her response to Michelin's motion for summary judgment. *Compare* (ECF No. 93), *with* (ECF No.

85). However, it is well-settled in this Circuit that "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also, e.g.*, *Howard*, 408 F. Supp. 3d at 726 (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). Moreover, these objections state nothing more than Plaintiff's "disagreement with [the] magistrate's suggested resolution," rather than specifically identifying any factual or legal error in the Report. *Aldrich*, 327 F. Supp. 2d at 747. Accordingly, the remainder of the Report and the magistrate judge's recommendations are reviewed only for clear error and the court need not provide any explanation for adopting the magistrate judge's recommendations. *Camby*, 718 F.2d at 199–200; *Dunlap*, 288 F. Supp. 3d at 662. Having carefully and thoroughly reviewed the Report, the record, and the parties' briefing, the court overrules the remainder of Plaintiff's objections, (ECF No. 93), and adopts the Report as modified herein.

## CONCLUSION

Based on the foregoing, the court **ADOPTS** the Report (ECF No. 89) as modified herein, incorporates the Report herein by reference, and **GRANTS** Michelin's motion for summary judgment (ECF No. 79).

13

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

December 14, 2020
Anderson, South Carolina